IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRUCE ROWLEY, et al.,                        *

     Plaintiffs                              *

v.                                           *        Civil No. TJS-11-1766

LEONARD JOYCE, et al.,                       *

     Defendants.                             *

                                      *

                 *     *     *     *     *     *

**SUPPLEMENTAL MEMORANDUM OPINION**

On December 18, 2012, this Court issued a Memorandum Opinion and Order, ECF No. 37, addressing Co-Defendant/Cross-Defendant Mark Barge's Motion for Summary Judgment, ECF No. 28, and accompanying Memorandum in Support, ECF No. 28-1; Plaintiffs Bruce Rowley and Elin Gursky Rowley's Opposition to Defendant Mark Barge's Motion for Summary Judgment, ECF No. 31, and accompanying Memorandum in Support, ECF No. 31-1; Co-Defendant/Cross-Defendant Leonard Joyce's Response, ECF No. 33; Plaintiff's Motion for Summary Judgment on the Issue of Liability, ECF No. 32, and accompanying Memorandum in Support, ECF No. 32-1; Defendant Joyce's Response to Plaintiffs' Motion for Summary Judgment, ECF No. 34; and Plaintiffs' Reply, ECF No. 35, and accompanying Memorandum in Support, ECF No. 35-1.  The purpose of this Supplemental Memorandum Opinion is to address concerns raised by the parties at the pretrial conference that Pennsylvania law, not Maryland law, applies to this case.  I find that a hearing is unnecessary.  Loc. R. 105.6.  For the reasons stated herein, Defendant Barge's Motion for Summary Judgment is DENIED and Plaintiffs' Motion for Summary Judgment on the Issue of Liability is also DENIED.  This Supplemental Memorandum

Opinion supplements the Court's previously filed Opinion, ECF No. 37, which disposed of ECF Nos. 28, 31, 32, 33, 34, and 35.

## I.     BACKGROUND

In reviewing the evidence related to a motion for summary judgment, the Court considers the facts in the light most favorable to the non-moving party. *Ricci v. DeStafano*, 557 U.S. 557, 585 (2009); *George & Co., LLC v. Imagination Entm't Ltd.,* 575 F.3d 383, 391-98 (4th Cir. 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004). Unless otherwise stated, the background provided here is comprised of undisputed facts. Where a dispute between the parties exists, however, the facts are considered in the light most favorable to the non-moving party.

On January 30, 2010, at approximately 1:00 p.m., Plaintiffs were traveling southbound in a dark green Toyota Highlander, in the left lane, on Interstate 83 in York, Pennsylvania. Am. Compl. ¶¶ 6-7, ECF No. 12. Plaintiff Rowley was driving and Plaintiff Gursky-Rowley was riding as a passenger. *Id*. Defendant Barge, driving a black Honda CRV, and Defendant Joyce, driving a Toyota Camry, were also traveling southbound on Interstate 83. Plaintiffs' vehicle was in the front, followed by Barge's vehicle, followed by Joyce's vehicle. *See* Barge's Mem. 2. At some point prior to the accident, it began to snow, and just before the accident occurred, it began to snow heavily. *See* Pls.' Mem. in Opp'n 1. At that point, and after "seeing up ahead a long line of traffic that had stopped," Plaintiffs came to a complete stop in the left hand lane. *Id*. at 2. Approximately three minutes later, Joyce skidded around Barge's vehicle, striking the rear right side, and then continued sliding until striking the rear of Plaintiffs' vehicle. *Id*.

Plaintiffs filed suit against Joyce on June 28, 2011, alleging negligence and seeking damages for personal injuries stemming from the January 30, 2010 collision. Compl. ¶¶ 1-7, ECF No. 1. Plaintiffs allege, *inter alia*, that Joyce failed to maintain his vehicle under proper

control, failed to maintain a proper lookout of the road and traffic conditions in front of his vehicle, failed to use due caution in operating his vehicle, and failed to have due regard for the safety of Plaintiffs. *Id*. ¶¶ 19-30. On January 17, 2012, after receiving Joyce's Answers to Plaintiffs' Interrogatories, and learning of Barge's potential liability in the case, Plaintiffs amended their original complaint, adding Barge as Co-Defendant and alleging two additional counts of negligence against him for failing to "operate [his] motor vehicle in a lawful, careful[,] and prudent manner. . . ." Am. Compl. ¶¶ 32-43.

Joyce claims that while following behind Barge's vehicle, Barge "slam[med] on his brakes, fishtail[ed] and swerve[ed] onto the shoulder," thus exhibiting a failure to "take the necessary precautions while driving in" snowy conditions. Joyce's Resp. to Barge's Mot. 4-5; *see* Pls.' Mem. in Opp'n 2 ("Defendant Barge was weaving within the left lane."). Moreover, Joyce contends that Barge's negligent conduct was a contributing cause of the accident. Joyce's Resp. to Barge's Mot. 4-5. Not surprisingly, Barge contests this assertion and claims that he did not fishtail or swerve, but rather, "lawfully came to a complete stop behind [Plaintiffs'] vehicle." Barge's Mem. 4.

On March 12, 2012, Barge filed a cross-claim against Joyce, denying liability as to Plaintiffs but, in the event he may be held liable, seeking indemnity and/or contribution from Joyce. Barge's Cross-cl. 1-5, ECF No. 20. Approximately one month later, Joyce filed a similar cross-claim against Barge, also denying liability as to Plaintiffs and seeking indemnification against Barge for the full amount of any judgment this Court may render. Joyce's Cross-cl. 1-2, ECF No. 22.

## II.      SUMMARY JUDGMENT STANDARD

Summary judgment is properly granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Meson v. GATX Tech. Servs. Corp.*, 507 F.3d 803, 806 (4th Cir. 2007) (citing Fed. R. Civ. P. 56(c)). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to any material fact. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). In reviewing a motion for summary judgment, the Court considers the evidence in the light most favorable to the non-moving party. *Ricci*, 577 U.S. at 585; *George & Co., LLC*, 575 F.3d at 391–92; *Dean*, 336 F. Supp. 2d at 480.

If the moving party demonstrates that there is no evidence to support the non-moving party's case, the burden shifts to the non-moving party to identify specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To satisfy this burden, the non-moving party "must produce competent evidence on each element of his or her claim." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999). Although the Court "must draw all reasonable inferences in favor of the non-moving party," that party "may not create a genuine issue of material fact through mere speculation, or building one inference upon another." *Id.* (citing *Anderson*, 477 U.S. at 255; *Runnenbaum v. NationsBank*, 123 F.3d 156, 163 (4th Cir. 1997); *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 817–18 (4th Cir. 1995)). Indeed, the existence of only a "scintilla of evidence" is not enough to defeat summary judgment. *Anderson*, 477 U.S. at 251. Instead, the admissible evidentiary materials submitted must show facts from which the finder of fact could reasonably find in favor of the non-moving party. *Id.*

## III.    DISCUSSION

Subject matter jurisdiction in this case is predicated on the diverse citizenship of the parties.  A federal court sitting in diversity must apply the choice of law rules applicable in the forum state.  *Klaxon v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941).  Maryland "adheres to the *lex loci delicti* rule" to determine the applicable law in tort actions.  *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 752 A.2d 200, 230 (2000); *see also Erie Ins. Exch. v. Heffernan*, 399 Md. 598, 925 A.2d 636, 651 (2007) ("We see no reason to discontinue our adherence to the principles of *lex loci delicti*.").  Under this rule, "the substantive tort law of the state where the wrong occurs governs."  *Hauch v. Connor*, 295 Md. 120, 453 A.2d 1207, 1209 (1983); *see also Sokolowski v. Flanzer*, 769 F.2d 975, 978 (1985) ("In tort actions, Maryland adheres to the traditional substantive-procedural conflict of laws dichotomy whereby the law of the state where the tort occurred governs substantive matters while the law of the form state governs procedural concerns.")  .  "[W]here the events giving rise to a tort action occur in more than one State," the court must "apply the law of the State where the injury—the last event required to constitute the tort—occurred." *Lab. Corp. of Am. v. Hood*, 395 Md. 608, 911 A.2d 841, 845 (2006); *see also Angeletti*, 752 A.2d at 231; Restatement (First) of Conflict of Laws § 377 (1934) ("The place of the wrong is . . . where the last event necessary to make an actor liable for an alleged tort takes place.").

Here, the automobile collision at issue occurred on Interstate 83 in York, Pennsylvania. Am. Compl. ¶¶ 6-7, ECF No. 12.   Under Maryland's *lex loci delicti* doctrine, therefore, Pennsylvania's substantive tort law applies to this action.[1]   In Pennsylvania, "negligence" is

---

[1] Initially, the pleadings and the parties' arguments suggested that Maryland law applied to this action.  As a result, in its Memorandum Opinion and Order dated December 18, 2012, ECF No. 37, this Court inappropriately applied Maryland tort law.  While this Supplemental

defined as "the failure to observe, for the protection of another's interest, such care and precaution as the circumstances demand, or the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances." *Howard v. Blalock Elec. Serv., Inc.*, 742 F. Supp. 2d 681, 695 n.6 (W.D. Pa. 2010). In order to recover damages from a defendant on a theory of negligence, a plaintiff must show that: (1) the defendant was under a legally recognized duty or obligation to act in a certain manner; (2) the defendant breached that duty; (3) there was a causal connection between the defendant's breach and the invasion of an interest enjoyed by the plaintiff; and (4) the plaintiff was actually harmed or injured by the invasion of that interest. *See, e.g. Lux v. Gerald E. Ort Trucking, Inc*., 2005 PA Super 400, 887 A.2d 1281, 1286 (2005). When "it is not inconceivable that a reasonable mind could reach the conclusion that the defendant breached its [duty]," a plaintiff may not be denied submission of that question to a jury. *Cox v. Equitable Gas Co.*, 227 Pa. Super. 153, 324 A.2d 516, 518 (1974).

### A.    Defendant Barge's Motion for Summary Judgment

Lacking in Plaintiffs' negligence claims, Barge insists, is any evidence that that "Barge negligently operated his vehicle." Barge's Mem. 3-4. Barge argues that he "lawfully came to a complete stop behind [Plaintiffs'] vehicle. *Id*. Plaintiffs and Joyce argue that a genuine dispute of material fact exists as to whether Defendant Barge "began to skid and . . . [whether] Defendant Barge's skid was a contributing cause to the accident." Pls.' Mem. in Opp'n 5; *see* Joyce's Resp. to Barge's Mot. 3-4. This Court assumes, without deciding, that Defendant

---

Memorandum Opinion does not alter the disposition of the parties' motions, it provides clarification for the Court's reasoning under Pennsylvania law. At the pretrial conference, the Court invited the parties to submit additional memoranda, if warranted, concerning why the motions should be decided differently under Pennsylvania law. The parties declined to submit additional memoranda.

Barge's vehicle did, in fact, skid or fishtail some distance prior to stopping on the left shoulder of the highway. *See Ricci*, 557 U.S. at 585.

In Pennsylvania, the "assured clear distance ahead rule requires a motorist to be capable of bringing his or her vehicle to a stop within the distance that he or she can clearly see." *Levey v. DeNardo*, 555 Pa. 514, 725 A.2d 733, 735 (1999). The rule is codified in Pennsylvania's Vehicle Code:

> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa. C.S. § 3361.

This rule is not "necessarily violated in every instance where a motorist is unable to safely bring his or her vehicle to a stop." *Levey*, 725 A.2d at 735. In *Lockhart v. List*, 542 Pa. 141, 665 A.2d 1176 (1995), the Supreme Court of Pennsylvania summarized the rule:

> The assured clear distance ahead rule has never been interpreted by this Court as imposing a duty upon a driver to anticipate any and all possible occurrences, however remote. Rather, a driver is required to anticipate only that which is reasonable. *Schofield v. Druschel*, 359 Pa. 630, 59 A.2d 919 (1948) (having one's car under control means that in any situation reasonably likely to arise, he will be able to stop his car before doing injury to any person or property); *Long v. Pennsylvania Truck Lines, Inc.*, 335 Pa. 236, 5 A.2d 224 (1939) (driver of a vehicle is not under a duty to anticipate that the driver of a vehicle coming in the opposite direction around the curve would occupy the center of the highway in violation of the law of the road). In short, the assured clear distance ahead rule simply requires a driver to control the speed of his or her vehicle so that he or she will be able to stop within the distance of whatever may reasonably be expected to be within the driver's path.

*Lockhart* also summarized Pennsylvania's related "sudden emergency doctrine":

> The sudden emergency doctrine, on the other hand, is available as a defense to a party who suddenly and unexpectedly finds him or herself confronted with a perilous situation which permits little or no opportunity to apprehend the situation and act accordingly. *Liuzzo v. McKay*, 396 Pa. 183, 152 A.2d 265 (1959). The sudden emergency doctrine is frequently employed in motor vehicle accident cases wherein a driver was confronted with a perilous situation requiring a quick response in order to avoid a collision. The rule provides generally, that an individual will not be held to the "usual degree of care" or be required to exercise his or her "best judgment" when confronted with a sudden and unexpected position of peril created in whole or in part by someone other than the person claiming protection under the doctrine. *See Amodei v. Saunders*, 374 Pa. 180, 97 A.2d 362 (1953). The rule recognizes that a driver who, although driving in a prudent manner, is confronted with a sudden or unexpected event which leaves little or no time to apprehend a situation and act accordingly should not be subject to liability simply because another perhaps more prudent course of action was available. Rather, under such circumstances, a person is required to exhibit only an honest exercise of judgment. *Noll v. Marian*, 347 Pa. 213, 32 A.2d 18 (1943). The purpose behind the rule is clear: a person confronted with a sudden and unforeseeable occurrence, because of the shortness of time in which to react, should not be held to the same standard of care as someone confronted with a foreseeable occurrence. It is important to recognize, however, that a person cannot avail himself of the protection of this doctrine if that person was himself driving carelessly or recklessly. *Chadwick v. Popadick*, 399 Pa. 88, 159 A.2d 907 (1960).

*Id.* at 1180.

Barge challenges Plaintiffs' negligence claims on the second element—that he did not breach his legal duty because he exercised the requisite standard of care and "lawfully came to a complete stop behind [Plaintiffs'] vehicle." Barge's Mem. 4. Joyce counters that evidence showing Barge's vehicle skidded or fishtailed prior to stopping is sufficient evidence of negligence because such conduct is "consistent with the behavior of a driver who . . . realizes that he does not have time to come to a complete stop." Joyce's Resp. to Barge's Mot. 4. He asserts that Barge would "not have had such a difficult time coming to a safe stop behind the Plaintiffs" had he been traveling at an appropriate speed and distance from Plaintiffs' vehicle. *Id*. at 4. Consequently, Joyce argues, Barge breached his legal duty to operate his vehicle in a reasonably safe manner. *See id*. at 5.

Skidding, by itself, is not sufficient to establish negligence.   *See McCracken v. Curwensville Borough*, 309 Pa. 98, 163 A. 217, 222 (1932) ("No inference of McCracken's negligence can be conclusively drawn from the fact that his car skidded on the icy pavement. [Anyone] familiar with the operation of an automobile knows that a car going at even a very moderate rate of speed over an icy surface on a level or down-grade highway will sometimes become unmanageable and skid as the car did in this case."); *see also Pascale v. Simmons*, 406 Pa. 476, 178 A.2d 549, 552 (1962) ("While skidding may not be regarded, under the cases, as negligence *per se*, it is obvious that it would take but little evidence of excessive speed and inattention to show that under certain circumstances the skidding would not have occurred had proper caution been exercised.")

It is undisputed that it had been snowing prior to the accident and that minutes before the accident occurred, it began snowing heavily. Plaintiffs' vehicle was stopped for approximately two to three minutes before Joyce's vehicle skidded into the rear of Plaintiffs' vehicle. A reasonable jury could infer that, in light of the snowy weather conditions and the fact that Plaintiffs' vehicle had been stopped for approximately two to three minutes prior to the accident, had Barge been operating his vehicle at a speed "reasonable and prudent under the conditions," he would have had ample time to see the brake lights in front of him, realize that Plaintiffs' vehicle and the cars ahead of them had stopped on the roadway, and then bring his vehicle to a controlled stop behind Plaintiffs.  *See* 75 Pa. C.S. § 3361; *see also Cook v. Miller Transp. Co.*, 319 Pa. 85, 88, 179 A. 429, 430 (1935) (confirming that "drivers of automobiles are chargeable with knowledge that their cars may skid or slue, and must guard thereagainst, if this may result in injury to others on the highway"); *Highway Exp. Lines, Inc. v. General Baking Co.*, 190 Pa. Super. 597, 155 A.2d 450, 452 (1959) (stating that because "skidding may be and frequently is

the result of negligence . . . the question of negligence in skidding cases becomes an issue of fact for the jury").

While Barge does not address the element of causation explicitly in his Motion, he does state that "the accident was caused solely by the negligence of Joyce."  Barge's Mem. 4. However, Barge need not be the sole cause of the collision to be liable.  He may also be held liable as a proximate cause of the collision, and in Pennsylvania, there can be more than one proximate cause of a vehicle collision.  *Shippen Twp. v. Portage Twp.*, 133 Pa. Cmwlth. 142, 575 A.2d 157, 158 (1990) ("The 12½ ton garbage truck need not have been the sole cause of the damage, only a substantial factor."); *Jeloszewski v. Sloan*, 375 Pa. 360, 100 A.2d 480, 483 (1953) ("But if Sloan, through inattention to the pathway ahead of him or for any other reason, was negligent in failing to see the stalled cars until such time that the collision, even with careful operation of his car thereafter, could not have been averted, such negligence on his part would not relieve Swartz from liability, for the latter's original act of negligence would then remain as an equally contributing and proximate cause of the accident."); *see also Behney v. Bolich*, 986 A.2d 944, 946 n.1 (Pa. Commw. Ct. 2009) ("Ordinarily, the question of whether a defendant's negligence is the proximate cause of the accident is for the fact-finder.")  Here, a reasonable jury could conclude that Barge failed to operate his vehicle in a manner that assured a clear distance ahead under existing weather conditions, and that his negligence amounted to a contributing, or concurrent cause of Plaintiffs' alleged injuries.  *See Jeloszewski*, 100 A.2d at 483.  Because an issue of material fact remains in dispute, summary judgment is not appropriate.    Defendant Barge's Motion for Summary Judgment is DENIED.

**B.       Plaintiffs' Motion for Summary Judgment**

On August 1, 2012, Plaintiffs also moved for summary judgment, arguing that Joyce was negligent as a matter of law.  Pls.' Mem. In Supp. 5-6.  Under Maryland law, Plaintiffs contend that the "evidentiary presumption of negligence announced" in *Andrade v. Housein*, 810 A.2d 494, 498 (Md. Ct. Spec. App. 2002) applies to the facts in this case.  In its previous Memorandum Opinion and Order, this Court found that the facts of *Andrade* were sufficiently different from the facts of this case that no evidentiary presumption of negligence could apply. ECF No. 37 at 10.  Under Pennsylvania law, there is no evidentiary presumption of negligence in cases involving rear-end collisions.  *See, e.g. Cianci v. Burwell*, 299 Pa. Super. 387, 445 A.2d 809, 810 (1982) (confirming that "the mere happening of a rear end collision does not constitute negligence as a matter of law on the part of the operator of the vehicle in the rear. . . . The burden is on the plaintiff to prove such negligence.")

In addition, Plaintiffs assert that "the material facts can establish as a matter of law that Joyce was negligent" because, had "Joyce exercised reasonable precautions, he would not have hit the Plaintiffs."  Pls.' Reply 3. Joyce counters that judgment for Plaintiffs as a matter of law is inappropriate because "[i]t is for the jury to determine the reasonableness of Joyce's actions in the moments before the collision." Joyce's Response to Pls.' Mot. 5. Specifically, Joyce argues that "[t]here is plenty of evidence for a reasonable jury to conclude that the accident happened despite [] Joyce taking every reasonable precaution." *Id*. This Court agrees.  While the parties do not dispute that Joyce's vehicle skidded and struck both Barge and Plaintiffs' vehicles, they also agree that there were adverse weather conditions.  Under Pennsylvania's "sudden emergency doctrine," for example, a reasonable jury could conclude that, with "little opportunity to apprehend the situation and act accordingly," Joyce exhibited an "honest exercise of judgment."

*Lockhart*, 665 A.2d at 1180.  Because there is a material dispute of fact, summary judgment is not appropriate.

Plaintiff's Motion for Summary Judgment on the Issue of Liability is DENIED.

**IV.    CONCLUSION**

For the reasons stated above, Defendant Barge's Motion for Summary Judgment is DENIED and Plaintiffs' Motion for Summary Judgment on the Issue of Liability is DENIED.

So ordered.


Date:   February 25, 2013                        _____/s/_____
                                                 Timothy J. Sullivan
                                                 United States Magistrate Judge